UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM M. HOBLOCK, candidate for
Albany County Legislator for the 26th District,
LEE R. CARMAN, candidate for Albany
County Legislator for the 29th District, PHILIP
and PATRICIA SGARLATA, JOHN and
CAROL STEWART, JOHN and MARY
MAYBEE, ELLEN GRAZIANO, and other
voters similarly situated,

      Plaintiffs,

 -against-          1:04-CV-1205
                  (LEK/DRH)
THE ALBANY COUNTY BOARD OF
ELECTIONS, RICHARD A. GROSS,
candidate for Albany County Legislator for
the 26th District, and GENE MESSERCOLA,
candidate for Albany County Legislator for
the 29th District,

      Defendants.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

On January 31, 2005, Plaintiff Candidates William M. Hoblock and Lee R. Carman (hereafter "Candidates") filed a Motion to Intervene in the above-captioned matter, pursuant to Federal Rule of Civil Procedure 24. Motion to Intervene (Dkt. No. 21). Candidates seek intervention as a matter of right under Federal Rule 24(a)(2), or permissive intervention under Federal Rule 24(b)(2). Mem. of Law in Support (Dkt. No. 21) at 1. Defendants oppose the Motion, and have submitted briefing in opposition. Defts' Mem. of Law in Opp. (Dkt. No. 24). The

---

[1] For printed publication in the Federal Reporter.

1

attorney for Candidates submitted a declaration in response to Defendants' papers. Decl. of DerOhannesian (Dkt. No. 25).

Defendants argued in their papers that the matter of intervention by Candidates should not be considered until after the Second Circuit Court of Appeals ruled on the appeal from this Court's October 25, 2004 Memorandum-Decision and Order (Dkt. No. 11)[2]. See Defts' Mem. of Law in Opp. (Dkt. No. 24) at 4. However, the Second Circuit has since issued a Mandate, dated September 23, 2005 (Dkt. No. 29), and an Opinion decided September 2, 2005 (Dkt. No. 29)[3], which remanded the matter to this Court for further proceedings, allowing this case to proceed if the Plaintiff Voters amended the complaint so as to represent all forty (40) voters in a class - thereby demonstrating that the voters are not pawns of the candidates, but rather have separate interests and positions, and are therefore not barred by the Rooker-Feldman[4] Doctrine. See Opinion (Dkt. No. 29). An Amended Complaint was filed on September 9, 2005 (Dkt. No. 27). Therefore, as the Court of Appeals has disposed of the prior appeal, this Court must now address the issue of intervention, either permissive or as of right, by Candidates.

The matter having been fully briefed, all issues having been duly considered, and for the reasons below, the Court hereby grants Candidates' Motion to Intervene.

---

[2] Hoblock v. Albany County Bd. of Elections, 341 F. Supp. 2d 169 (N.D.N.Y. 2004).

[3] Hoblock v. Albany County Bd. of Elections, 422 F.3d 77 (2d Cir. 2005).

[4] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia v. Feldman, 460 U.S. 462 (1983).

## II. Discussion

*A. Standards of Law*

Federal Rule of Civil Procedure 24(a)(2), Intervention as of Right, states in relevant part:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a)(2). Furthermore, Federal Rule of Civil Procedure 24(b)(2), Permissive Intervention, states in relevant part:

> **(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common....In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

FED. R. CIV. P. 24(b)(2).

The Second Circuit has held that: "Rule 24(a), intervention of right, requires that the proposed intervenor '(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action.'...Denial of the motion to intervene is proper if any of these requirements is not met." D'Amato v. Deutsche Bank, 236 F.3d 78, 84 (2d Cir. 2001) (footnotes and citations omitted). See also Envirco Corp. v. Clestra Cleanroom, Inc., No. 5:98CV120(HGM), 2002 WL 31115664, at *3 (N.D.N.Y. Sept. 24, 2002) (Munson, S.D.J.). The burden is on the individual seeking to intervene to show that their interests are not adequately represented by the existing parties to the case. United States v. Pitney Bowes, Inc., 25 F.3d 66, 70

3

(2d Cir. 1994). And, there is no Article III standing requirement in the Second Circuit, with an intervenor only needing to meet the Rule 24(a) requirements and have an interest in the litigation, if there is already a case or controversy in existence between the original parties to litigation who have standing. See United States Postal Serv. v. Brennan, 579 F.2d 188, 190 (2d Cir. 1978). See also San Juan County, Utah v. United States, 420 F.3d 1197, 1204-05 (10th Cir. 2005) (discussing differences between Circuits in addressing standing requirements for intervention, and citing, *inter alia*, Brennan, and David L. Shapiro, *Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators*, 81 HARV. L. REV. 721, 726 (1968)).

Furthermore, the Second Circuit has discussed the timeliness of a motion to intervene.

> The determination of the timeliness of a motion to intervene is within the discretion of the district court, "evaluated against the totality of the circumstances before the court."... Circumstances considered in this determination include: "(1) how long the applicant had notice of the interest before [he] made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness."

D'Amato, 236 F.3d at 84 (citing and quoting Farmland Dairies v. Comm'r of New York State Dep't of Agric. & Mkts., 847 F.2d 1038, 1043-44 (2d Cir. 1988); Pitney Bowes, Inc., 25 F.3d at 70). See also Envirco Corp., 2002 WL 31115664, at *3.

For Permissive Intervention under Rule 24(b), the standard is somewhat different. "When considering a motion for permissive intervention, a court must examine whether intervention will prejudice the parties to the action or cause [undue] delay." Envirco Corp., 2002 WL 31115664, at *4 (citing D'Amato, 236 F.3d at 84). See also Drongosky v. Flynn, No. 01-CV-0371A(SR), 2004 WL 941664, at *5 (W.D.N.Y. Jan. 26, 2004) ("'Additional relevant factors include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by

other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'") (citing and quoting H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986)); U.S. Football League v. Nat'l Football League, 110 F.R.D. 521, 524 (S.D.N.Y. 1986).

     A district court of the United States is vested with broad discretion to decide both the timeliness of a motion for intervention, and the overall motion itself, whether it be a motion for intervention as of right, or a motion for permissive intervention. United States v. City of New York, 198 F.3d 360, 364 (2d Cir. 1999). "The district court's discretion under the permissive intervention rule 'is very broad'". Drongosky, 2004 WL 941664, at *5 (citing H.L. Hayden, 797 F.2d at 89). See also U.S. Football League, 110 F.R.D. at 524. Indeed, "'[a] district court has broad discretion in assessing the timeliness of a motion to intervene, which "defies precise definition."'" Union Switch & Signal, Inc. v. St. Paul Fire and Marine Ins. Co., 226 F.R.D. 485, 488 (S.D.N.Y. 2005) (citing and quoting In re Holocaust Victim Assets Litig., 225 F.3d 191, 198 (2d Cir. 2000)). The Court also has considerable discretion when considering a motion to intervene as of right, since the Second Circuit Court of Appeals reviews determinations as to motions for intervention under the abuse of discretion standard. See Greendige v. Allstate Ins. Co., No. 02 Civ. 9796 JCF, 2003 WL 22871905, at *3 (S.D.N.Y. Dec. 3, 2003) (citing and quoting Patricia Hayes & Assocs., Inc. v. Cammell Laird Holdings U.K., 339 F.3d 76, 80 (2d Cir. 2003); In re Holocaust Victim Assets Litig., 225 F.3d at 197). See also United States v. Hooker Chem. & Plastics Corp., 749 F.2d 968, 990-91 (2d Cir. 1984) (Friendly, J.).

### B. Intervention by Candidates Hoblock and Carman

First, one thing should be noted - Defendants are correct that this Court did not "request" that Candidates file a Motion for Intervention. See Defts' Mem. of Law in Opp. (Dkt. No. 24) at 2. This Court previously stated that: "[a]lternatively, Plaintiff candidates request permission to intervene. Pursuant to Rule 24(c), 'a person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5.' Therefore, *should Plaintiff candidates wish to intervene, they must file a motion as required under Rule 24*." October 25, 2004 Memorandum-Decision and Order (Dkt. No. 11) at 8 (emphasis added). Reading that language, the Court was merely informing movants that if they wished to intervene, they should follow the procedures set forth in the *Federal Rules*.

That issue aside, it appears that Candidates have demonstrated that they satisfy all four factors set forth by the D'Amato, Envirco and Pitney Bowes Courts. This Court will allow that the Motion was and is timely, and that Candidates have certainly demonstrated an interest in the litigation and outcome of the election. Candidates have also demonstrated that their interests "may be impaired by the disposition of the action", given that depending upon the result of the litigation and the outcome of the election, they may lose their bids to sit as members of the Albany County Legislature. Furthermore, Candidates have demonstrated that their interests are "not adequately protected by the parties to the action", since, by virtue of the filing of the Amended Complaint, the Plaintiff Voters have shown that they are not puppets of the candidates, but rather have separate interests (such that their claims are not barred by the earlier State court actions). A major issue in this case is the constitutional right of the voters to not only cast votes, but to have those votes counted. The constitutional right of the former goes along directly with the latter. See Hoblock v.

Albany County Bd. of Elections, 341 F. Supp. 2d 169, 176 (N.D.N.Y. 2004) (remanded on different grounds); United States v. Mosley, 238 U.S. 383, 386 (1915) (Holmes, J.); Gold v. Feinberg, 101 F.3d 796, 802 (2d Cir.1996). Furthermore, the Southern District of New York, in considering the issue, has stated that: "[w]hether or not representation of an intervenor's interest by existing parties is to be considered inadequate hinges upon whether there has been a showing of '"(1) collusion; (2) adversity of interest; (3) possible nonfeasance; or (4) incompetence."'" British Airways Bd. v. Port Auth. of New York & New Jersey, 71 F.R.D. 583, 585 (S.D.N.Y. 1976) (citation omitted).

Candidates have a right to run for office, and to hold office if elected. See Flinn v. Gordon, 775 F.2d 1551, 1554 (11th Cir. 1985). This Court accepts the argument advanced by Plaintiff Candidates that their interests and those of the voters are not aligned, since Candidates have a personal interest in winning and holding office, while the voters simply have an interest in having their votes counted and protected, regardless of who they actually voted for. See Mem. of Law in Support (Dkt. No. 21) at 4. The rights of candidates, after all, have been found to be related to, but distinct from, those of voters, see Griffin v. Burns, 570 F.2d 1065, 1072 (1st Cir. 1978) (citing, *inter alia*, Bullock v. Carter, 405 U.S. 134, 142-143 (1972)). Furthermore, "[w]here the interests of the original party and of the intervenor are identical - where in other words there is no conflict of interest - adequacy of representation is presumed." Solid Waste Ag. of N. Cook County v. United States Army Corps of Eng'r, 101 F.3d 503, 508 (7th Cir. 1996) (Posner, C.J.) (citing cases). Although the burden to show inadequacy of representation of interests is on the intervenor, it is a minimal one, and not onerous. See San Juan County, 420 F.3d at 1211 (citing, *inter alia*, Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972)); Provident Life & Cas. Ins. Co. v. Ginther, No. 96-CV-0315E(H), 1997 WL 436743, at *1 (W.D.N.Y. Jul. 29, 1997). Some of the

7

Plaintiff Voters may have voted against some of the Candidates, or may have even voted for third parties. Given the tense climate of this nation following the 2000 National Elections, those facts alone seem to this Court to be enough to present an adversity of interest such that Candidates should be permitted to intervene to adequately protect their own interests.

In addition, Candidates have stated in their current motion papers that "[t]he claims of William M. Hoblock and Lee R. Carman are set out in the attached complaint, filed with this court on October 19, 2004." Notice of Motion (Dkt. No. 21) at 2. That complaint was the subject of this Court's October 25, 2004 Memorandum-Decision and Order. Candidates did not prosecute an appeal of that Order, and the Second Circuit did not vacate or reverse, or address, this Court's holding in that decision as to Candidates' claims. Opinion (Dkt. No. 29) at 5099 (422 F.3d at 83). Courts have held that in certain circumstances, such as Rule 24(b) intervention, intervenors must have a claim or defense when they seek intervention. Cf. Marriott v. County of Montgomery, 227 F.R.D. 159 (N.D.N.Y. 2005) (Hurd, D.J.) (comparing intervention under Rule 24(a) and 24(b); intervenor sought to intervene only on pending motion, did not seek to become a party; Court cited to decision of Southern District in reiterating that, as opposed to 24(b), "Rule 24(a)...allows intervention when an interest is claimed '"relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."'") (citing and quoting Hartford Fire Ins. Co. v. Mitlof, 193 F.R.D. 154, 161 (S.D.N.Y. 2000)). But, this Court finds that, indeed, a protectable interest alone, even apart from any actual claim or the ability to file a separate action, may be sufficient for a court to grant intervention under Rule 24(a). See San Juan County, 420 F.3d 1197 (10th Cir. 2005);

8

Corps of Eng'r, 101 F.3d 503 (7th Cir. 1996). "The strongest case for intervention is not where the aspirant for intervention could file an independent suit, but where the intervenor-aspirant has no claim against the defendant yet a legally protected interest that could be impaired by the suit." Corps of Eng'r, 101 F.3d at 507 (citing Shapiro, *supra*, at 726-27). "'As the Rule's plain text indicates, intervenors of right need only an "interest" in the litigation - not a "cause of action" or "permission to sue."'" San Juan County, 420 F.3d at 1210 (addressing interest in federal Quiet Title Action; citing Jones v. Prince George's County, 348 F.3d 1014, 1018 (D.C. Cir. 2003)). The Candidates here have shown that they have a direct, substantial and protectable interest in this litigation, see United States v. Peoples Benefit Life Ins. Co., 271 F.3d 411 (2d Cir. 2001) (per curiam) (addressing requirement of interest to support motion to intervene); Corps of Eng'r, 101 F.3d at 506, and upon determination of the suit their interests will be impacted by the outcome of the election.

Although not required under Rule 24(a) intervention, this Court will, lastly, mention that the Amended Complaint was filed in September of 2005, with this decision being rendered in December of 2005, and with the case currently proceeding before the Honorable David R. Homer, United States Magistrate Judge, for pre-trial matters and Rule 16 scheduling - allowing Candidates to intervene at this juncture without causing undue delay or prejudice to the other parties in this action.

Thus, the Court will grant the motion for intervention as of right, under Rule 24(a), submitted by Plaintiff Candidates Hoblock and Carman.

### III. Conclusion

Therefore, based on the foregoing discussion, it is hereby

**ORDERED**, that the Motion for Intervention filed by Candidates William M. Hoblock and Lee R. Carman (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED:  December 05, 2005
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge