UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM M. HOBLOCK, candidate for
Albany County Legislator for the 26th District;
LEE R. CARMAN, candidate for Albany
County Legislator for the 29th District,

                Plaintiffs-Intervenors,

And

PHILIP and PATRICIA SGARLATA;
JOHN and CAROL STEWART; JOHN
and MARY MAYBEE; ELLEN
GRAZIANO; and other voters similarly
situated,

                Plaintiffs,

  -against-                            1:04-CV-1205
                                                (LEK/DRH)

THE ALBANY COUNTY BOARD OF
ELECTIONS; RICHARD A. GROSS,
candidate for Albany County Legislator for
the 26th District; and GENE MESSERCOLA,
candidate for Albany County Legislator for
the 29th District,

                Defendants.
_____

## MEMORANDUM-DECISION AND ORDER[1]

### I. BACKGROUND & FACTS

      The factual background of this matter has been discussed at length in the prior opinions of both this Court and the Second Circuit Court of Appeals. See, *inter alia*, Hoblock v. Albany County Bd. of Elections, 422 F.3d 77 (2d Cir. 2005) (Walker, C.J.); Hoblock v. Albany County Bd. of

---

[1] For printed publication by the Federal Reporters.

Elections, No. 1:04-CV-1205(LEKDRH), 2006 WL 1509967 (N.D.N.Y. May 24, 2006) (Kahn, D.J.); Hoblock v. Albany County Bd. of Elections, 233 F.R.D. 95 (N.D.N.Y. 2005) (Kahn, D.J.); Hoblock v. Albany County Bd. of Elections, 341 F. Supp. 2d 169 (N.D.N.Y. 2004) (Kahn, D.J.). Familiarity is therefore presumed.

Currently before the Court are Defendant Board's challenges and objections (see Dkt. No. 63) to two (2) ballots in the election race between Candidates Messercola and Carman in the 29th Legislative District. Briefing was received on the objections and challenges (see Dkt. Nos. 61-63), and Oral Argument was held on Wednesday, June 14, 2006. At said Oral Argument, Defendant Board's challenges and objections were joined by Candidate Messercola, appearing through counsel. Candidate Messercola, having been previously dismissed from this case, is no longer a party to this action, see Hoblock, 2006 WL 1509967, at *2, *9, but was permitted to appear and be heard by this Court at the Oral Argument.

The facts concerning the challenges and objections to the two (2) ballots at issue are, briefly, as follows.

Following the counting of the disputed ballots, on Monday, June 12, 2006, one of the disputed elections was resolved, but one remains at issue in this case. The race for the 26th Legislative District has been resolved. Candidate Hoblock defeated Candidate Gross by a vote count of 706 to 702. The election was certified, and Hoblock has been sworn-in to office. See Carol DeMare, *Elections Resolved After Two-Year Dispute*, TIMES UNION, June 13, 2006, at B1, B6. See also Plntfs-Intervens Letter Brief (Dkt. No. 61, Attach. 1) at 3; Albany County Legislature website *at* http://www.albanycounty.com/departments/legislature/legislator.asp?id=165 (last visited June 14, 2006) (listing William Hoblock as the 26th District's Legislator). Although Defendant

Board claims that there were two unopened ballots in the Hoblock-Gross race that could have been challenged, because of the four-vote margin of victory that challenge was moot, and the race was certified.  See Deft's Letter Brief (Dkt. No. 63) at 2.

However, Candidate Messercola and Candidate Carman are tied at 508 votes each in the race for the 29th District's seat.  See DeMare, *supra*, at B1.  Two (2) absentee ballots are contested in this race.  See id.; Plntfs-Intervens Letter Brief (Dkt. No. 61, Attach. 1) at 3; Plntfs-Voters Mem. of Law (Dkt. No. 62) at 2; Deft's Letter Brief (Dkt. No. 63) at 1-2.  Those ballots belong to Richard Luke and Suzanne Luke, and are being challenged because, as Defendant claims, the State courts found the ballots to be invalid.  See Plntfs-Intervens Letter Brief (Dkt. No. 61, Attach. 1) at 3; Plntfs-Voters Mem. of Law (Dkt. No. 62) at 2; Deft's Letter Brief (Dkt. No. 63) at 2-4.

Said Voters, and their ballots, are part of the Plaintiffs-Voters group in this matter, which included all forty ballots at issue in this case.  See id.  See also December 5, 2005 MDO (Dkt. No. 33) (granting Candidates status as Intervenors, and finding that Plaintiffs-Voters could proceed with this case because, in amending the Complaint to include representation for **all forty voters**, they had separate interests from the Candidates, and Rooker-Feldman did not apply); Plntfs-Voters Motion for Sum. Jdmt. (Dkt. No. 38), amended and corrected by Dkt. No. 41 (seeking a Court Order for the counting of the **forty absentee ballots** in the 26th and 29th Legislative Districts); May 24, 2006 MDO (Dkt. No. 55) at 6, 15 (specifically referring to **forty Plaintiffs-Voters** in the discussion, granting Plaintiffs-Voters' Motion (Dkt. No. 38, as amended by Dkt. No. 41), and ordering that all disputed ballots be counted and the elections certified).

Pursuant to the Stipulation "So Ordered" by the Court on Thursday, June 8, 2006, this Court retained jurisdiction to hear challenges and/or objections arising from the counting of votes or

3

certification of the election(s).  See Minute Entry (Dkt. No. 60); Plntfs-Intervens Letter Brief (Dkt. No. 61, Attach. 1) at 3; Plntfs-Voters Mem. of Law (Dkt. No. 62) at 2.

The issue to be decided is whether either or both of the contested ballots are valid, and should be counted.  The challenged ballots have not yet been opened or counted.  The ballots are being challenged because the underlying applications were faxed to the Board, contrary to law.  See Plntfs-Voters Mem. of Law (Dkt. No. 62) at 5 n.5; Deft's Letter Brief (Dkt. No. 63) at 2-3.

## II. DISCUSSION

As cited above, Plaintiffs-Voters Motion for Summary Judgment, as joined by Plaintiffs-Intervenors, was granted in full by this Court.  That motion sought to have all forty (40) ballots opened and counted.  See Dkt. Nos. 38, 41, 50 & 55.  At no time during the proceedings have any parties or intervenors voiced a concern or objection as to there being less than forty voters or ballots at issue, for any reason.

Furthermore, the June 8, 2006 Stipulation contained the following language, in pertinent part, which this Court noted at Oral Argument:

> [T]he disputed ballots will be canvassed and counted Monday, June 12th at 11:00 AM, in accordance with New York Election Law.  In connection therewith, it is understood and agreed that the Court will maintain its jurisdiction of this matter in order to hear ***any objections that may be registered at the time the disputed ballots are opened***.... It is further stipulated and agreed that ***following the canvassing and counting of the ballots***, certification of a winner will occur no later than Wednesday, June 14th, or at any other time subsequently established by [the Court].  It is further stipulated and agreed that the parties and intervenor candidates will execute and file for endorsement by the Court a ***stipulation of discontinuance with prejudice*** in accordance with Rule 41 of the Federal Rules of Civil Procedure....

June 8, 2006 Transcript, at 2-3 (emphasis added).  In addition, the Stipulation included a provision whereby *all* parties and intervenors waived any appeal or challenge of this Court's May 24, 2006

4

MDO, which ordered the counting of all disputed ballots and certification of the elections. See id. at 3-4.

The Stipulation clearly implements this Court's May 24, 2006 MDO by establishing the procedures and time-line to have been followed in counting all of the disputed ballots and certifying election winners. The current challenges and objections appear to be a post-Stipulation attempt to redefine the agreement, and the Order of this Court. But, stipulations and orders are binding agreements, that are enforceable just as contracts are. See, generally, Doe v. Pataki, No. 96 Civ. 1657(DC), 2006 WL 936711 (S.D.N.Y. Apr. 12, 2006); Patterson v. Newspaper and Mail Deliverers' Union of New York and Vicinity, No. 73 Civ. 3058(WCC), 73 Civ. 4278(WCC), 2005 WL 3750749, at *7 (S.D.N.Y. July 13, 2005) ("A stipulation and order is a binding agreement between parties to a dispute that is enforceable as a contract.") (internal quotation marks and citation omitted).

Therefore, the Court finds, based upon the pleadings, the evidence, prior Orders, and the Stipulation entered by the parties and the intervenors, and "So Ordered" by this Court, that all of those involved in this action had notice and an opportunity to be heard at various stages, and numerous opportunities to raise specific challenges to individual ballots for underlying illegality. Thus, Defendant's objections and challenges (as joined by Candidate Messercola[2]) are overruled and

---

[2] Candidate Messercola asserted at the June 14, 2006 Oral Argument, through counsel, that Messercola was dismissed as a Defendant in this action on May 24, 2006, and therefore was not party to the Stipulation and was not bound by the agreements. Although true that Messercola was not a party to the Stipulation, the Court again states that all those involved with this action had ample opportunities to raise any and all issues concerning these ballots over the past several years. Therefore, the Court rejects Messercola's attempt to distinguish positions.

denied. The remaining disputed ballots shall be opened, canvassed and counted, and the election certified forthwith.

### III. CONCLUSION

Therefore, based upon the foregoing it is hereby

**ORDERED**, that Defendant Board's objections and challenges (joined at the oral argument by Candidate Messercola) to the **TWO (2) DISPUTED BALLOTS** in the legislative race between Candidates Messercola and Carman in the 29th District (see Dkt. No. 63) are **OVERRULED and DENIED**; and it is further

**ORDERED**, that the **TWO (2) REMAINING DISPUTED BALLOTS** at issue **SHALL BE OPENED, CANVASSED AND COUNTED, and the ELECTION CERTIFIED FORTHWITH**; and it is further

**ORDERED**, that the Clerk provide a copy of this Order to all parties.

**IT IS SO ORDERED**.

Dated:      June 14, 2006
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge