UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM M. HOBLOCK, candidate for
Albany County Legislator for the 26th District;
LEE R. CARMAN, candidate for Albany
County Legislator for the 29th District,

      Plaintiffs-Intervenors,

And

PHILIP and PATRICIA SGARLATA;
JOHN and CAROL STEWART; JOHN
and MARY MAYBEE; ELLEN
GRAZIANO; and other voters similarly
situated,

      Plaintiffs,

 -against-             1:04-CV-1205
                      (LEK/DRH)

THE ALBANY COUNTY BOARD OF
ELECTIONS; RICHARD A. GROSS,
candidate for Albany County Legislator for
the 26th District; and GENE MESSERCOLA,
candidate for Albany County Legislator for
the 29th District,

      Defendants.

### DECISION AND ORDER

#### I. Background

  Plaintiffs-Intervenors and Plaintiffs-Voters have submitted Motions and supporting papers seeking awards of attorneys' fees and costs, as a result of their having prevailed in this civil rights matter pursuant to earlier decisions of this Court. See Plntfs-Intervens' Motion (Dkt. Nos. 66-73); Plntfs-Voters' Motion (Dkt. No. 74). Defendants have opposed Plaintiffs' Motions. See Defts'

1

Opp. (Dkt. Nos. 78-81). And, Plaintiffs have submitted reply papers. See Plntfs-Intervens' Reply (Dkt. No. 84); Plntfs-Voters' Reply (Dkt. No. 86).

The facts of this matter and the procedural background have been set out extensively in the various submissions of the parties, as well as in the prior Orders of this Court and the Second Circuit Court of Appeals - familiarity with which is presumed. See, *inter alia*, Hoblock v. Albany County Bd. of Elections, 422 F.3d 77 (2d Cir. 2005) (Walker, C.J.); Hoblock v. Albany County Bd. of Elections, No. 1:04-CV-1205 (LEK/DRH), 2006 WL 1650746 (N.D.N.Y. June 14, 2006) (Kahn, D.J.); Hoblock v. Albany County Bd. of Elections, No. 1:04-CV-1205(LEKDRH), 2006 WL 1509967 (N.D.N.Y. May 24, 2006) (Kahn, D.J.); Hoblock v. Albany County Bd. of Elections, 233 F.R.D. 95 (N.D.N.Y. 2005) (Kahn, D.J.); Hoblock v. Albany County Bd. of Elections, 341 F. Supp. 2d 169 (N.D.N.Y. 2004) (Kahn, D.J.). This Court has also previously addressed the standard of law concerning the awarding of attorney's fees to prevailing parties. See Hoblock, 2006 WL 1509967.

## II. Discussion

The Court has reviewed all of the submissions of the parties, and the relevant law, and specifically addresses herein what the Court finds to be the most contentious of the issues.

First, as to the issue of Plaintiff-Intervenors' argument that they have prevailed overall in this matter, and have made significant, non-duplicative contributions to constitutional remedies of civil rights violations in Plaintiffs' lawsuit, the Court finds in favor of Plaintiffs-Intervenors.[1] The Court finds that Plaintiffs-Intervenors' counsel did, indeed, contribute significant, non-duplicative

---

[1] See Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) ("Attorney's fees may be awarded for unsuccessful claims as well as successful ones, however, where they are '"inextricably intertwined" and "involve a common core of facts or are based on related legal theories."'") (citing and quoting, *inter alia*, Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir. 1996)).

2

materials and knowledge - expending energy and resources that would have been expended regardless of the Plaintiff party to ultimately do so - to Plaintiffs-Voters (and their attorney), who were also prevailing parties in this litigation. See, generally, Wilder v. Bernstein, 965 F.2d 1196 (2d Cir. 1992); United States v. Bd. of Educ. of Waterbury, 605 F.2d 573 (2d Cir. 1979); People ex rel. Vacco v. RAC Holding, Inc., 135 F. Supp. 2d 359 (N.D.N.Y. 2001) (Kahn, D.J.).

Second, as to Defendants' contention that the contempt motion was unnecessary, and therefore Plaintiffs-Intervenors' and Plaintiffs-Voters' attorneys' fees should not be granted as to work on that Motion, the Court finds in favor of Plaintiffs-Intervenors and Plaintiffs-Voters. This case concerned an election for the Albany County Legislature. During the pendency of litigation, the contested seats were held by the incumbents. See Hoblock, 2006 WL 1509967, at *3 n.4. See also Plntfs-Intervens' Letter Brief (Dkt. No. 50) at 1. However, these individuals were not the duly elected representatives from the 2004 election. Furthermore, the Court's Order to count the ballots and certify winners was issued on May 24, 2006, see May 2006 Order (Dkt. No. 55); Judgment (Dkt. No. 56), and a meeting of the Legislature was scheduled to be held on June 12, 2006, see Albany County Legislature website *at* http://www.albanycounty.com/departments/legislature/default.asp?id=1288 (last visited November 2, 2006); see also Affirmation of Marcelle (Dkt. No. 57, Attach. 2) at ¶ 16; Plntfs' Mem. of Law in Support (Dkt. No. 57, Attach. 3) at 2-3. Time and speed in counting the ballots was at issue following this Court's issuance of the May 2006 Order.

In addition, it is noted that this Court is not divested of the authority to enforce its orders either before or after a Notice of Appeal is filed. The Court may enforce its lawful Order and directive, and its findings under the law, until the orderly review of the appellate court ultimately affirms or reverses the finding. See Red Ball Interior Demolition Corp. v. Palmadessa, 947 F. Supp.

3

116, 120-121 (S.D.N.Y. 1996) (Sweet, D.J.).

> [T]his Court has jurisdiction to impose contempt sanctions for disobedience of an order currently on appeal.  The filing of a notice of appeal "only divest[s] the district court of jurisdiction respecting the questions raised and decided in the order appealed from."... In a contempt proceeding, the questions relate solely to the directives in the order and the refusal of the party to comply with them, issues that are entirely distinct from the issues decided in the order itself.... Thus, a district court remains vested with the ability to enforce an order, even while the order is *sub judice* before the reviewing court.... Long ago, the Supreme Court ruled that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings."... Such orders are "to be obeyed until they expir[e] or [a]re set aside by appropriate proceedings, appellate or otherwise...." ... Our Court of Appeals has held similarly that "[i]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished."

Id. (citing, *inter alia*, New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989); United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947); Alemite Mfg. Corp. v. Staff, 42 F.2d 832, 833 (2d Cir. 1930)).  Thus, this Court's May 24, 2006 Order was enforceable, and Defendants' delayed compliance with the terms of the Order warranted Plaintiffs' filing of the Motion for contempt.

Upon consideration and evaluation of the remaining issues contained in the parties' submissions, the Court finds in favor of Plaintiffs-Intervenors and Plaintiffs-Voters.

Attorney DerOhannesian billed the following hours of work: 35.75 hours.  See Dkt. No. 72, Attach. 7; Dkt. No. 84 at 4 n.1.  Attorney Zegarelli billed the following hours of work: 84.75 hours.  See Dkt. No. 72, Attach. 8; Dkt. No. 84 at 4 n.1.  Attorney Marcelle billed the following hours of work: 199.7 hours, and the following hours of travel time: 5.7 hours (which are billed at a one-half rate, see Baim v. Notto, 316 F. Supp. 2d 113, 119 (N.D.N.Y. 2003) (Hurd, D.J.)).  See Dkt. No. 86

& Exh. B. thereto. All of said time is found to have been reasonable in this case, and the Court will not exclude any of it from the award calculation.

However, while this Court herein ultimately finds in favor of Plaintiffs-Intervenors and Plaintiffs-Voters on the currently pending Motions for attorneys' fees, the Court now addresses its lone concern regarding the hourly rates requested by the attorneys for Plaintiffs-Intervenors and Plaintiffs-Voters. The Court has considered the decisions of other judges within this District, and has considered both the geographic area of practice and the relative skill-level of Plaintiffs' counsel. See, *inter alia*, Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, No. 03-CV-502, 2005 WL 670307, at *6 (N.D.N.Y. Mar. 22, 2005) (Homer, M.J.), adopted in full, 419 F. Supp. 2d 206 (N.D.N.Y. 2005) (Mordue, D.J.). See also Farbotko v. Clinton County of New York, 433 F.3d 204 (2d Cir. 2005). Given that some time has passed since Judge Homer's and Judge Mordue's decisions in Arbor Hill, and given that Attorneys DerOhannesian and Marcelle have some unique experience in the fields of law at issue in this matter here in the Northern District, the Court finds it reasonable to allow for increased awarded rates. But, cutting the other way and considering the geographic area and legal market in which the attorneys practice - Upstate New York - and the prevailing rates in that geographic area, with which this Court is familiar, the requested rates of $275.00 per hour for Attorney DerOhannesian, $245.00 per hour for Attorney Marcelle, and $135.00 per hour for Attorney Zegarelli are high. See, generally, RAC Holding, 135 F. Supp. 2d at 363 ("The hourly rate to be used 'should be "in line with those [rates]" prevailing in the community for similar services of lawyers of reasonably comparable skills, experience, and reputation.'") (citing Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994)). In addition, Plaintiffs' counsel's requested rates are those that they claim are

5

paid by private clients, but do not appear to be those ordered by other District and Magistrate Judges sitting in this District. See Arbor Hill, 419 F. Supp. 2d at 211. And, it appears to this Court that Plaintiffs' attorneys have offered little case law or objective support for the argument that attorneys with the experience and qualifications that Plaintiffs' attorneys claim to have specifically warrant comparable rates of $275.00, $245.00, and $135.00 per hour in the Northern District of New York. See Baim, 316 F. Supp. 2d at 119.

Therefore, upon evaluation of the factors discussed above, as well as the submissions of the parties (including their billing sheets and *curricula vitae*), the Court finds that Plaintiffs-Intervenors' Attorney Paul DerOhannesian II, Esq., is awarded an hourly rate of $225.00 per hour, and Plaintiffs-Intervenors' Attorney Jennifer C. Zegarelli, Esq., is awarded an hourly rate of $125.00 per hour. Plaintiffs-Voters' Attorney Thomas Marcelle, Esq., is awarded an hourly rate of $225.00 per hour. After calculation of the "lodestar" rates, and after the discussion above, the Court finds no reason to either increase or reduce said rates in any other way in this matter. Therefore, Plaintiffs-Intervenors are awarded attorney's fees of $18,637.50; and Plaintiffs-Voters are awarded attorney's fees of $45,573.75.

In addition, the Court awards all of the costs claimed by Plaintiffs-Intervenors ($892.00) and Plaintiffs-Voters ($464.93). Thus, the total award of attorney's fees and costs to Plaintiffs-Intervenors is $19,529.50; and the total award of attorney's fees and costs to Plaintiffs-Voters is $46,038.68.

### III. Conclusion

Based upon the foregoing, it is hereby

**ORDERED**, that Plaintiffs-Intervenors' Motion for Attorney's Fees with Exhibits and Supporting Documents, (Dkt. Nos. 66-73, 84) - as **MODIFIED** by the Court in the Discussion above - is **GRANTED**, and **Plaintiffs-Intervenors are awarded attorney's fees and costs totaling $19,529.50**; and it is further

**ORDERED**, that Plaintiffs-Voters' Motion for Attorney's Fees with Exhibits and Supporting Documents, (Dkt. Nos. 74, 86) - as **MODIFIED** by the Court in the Discussion above - is **GRANTED**, and **Plaintiffs-Voters are awarded attorney's fees and costs totaling $46,038.68**; and it is further

**ORDERED**, that the Clerk serve copies of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   November 07 2006
         Albany, New York

Lawrence E. Kahn
U.S. District Judge